IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| JOEAN LOWERY | PLAINTIFF |
| v. 3:09CV00013-WRW | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA | DEFENDANT |

## ORDER

Pending is Plaintiff's Motion for Attorney's Fees (Doc. No. 28). Defendant has responded.[1] For the reasons set out below, Plaintiff's Motion is DENIED, in part, without prejudice.

**I. Monthly ERISA Disability Benefit**

A December 11, 2009, Order granted summary judgment in Plaintiff's favor and directed Defendant to immediately reinstate Plaintiff's monthly benefits, retroactive to October 22, 2007, with interest.[2] Plaintiff's Motion both asks the Court to settle a dispute about the amount of Plaintiff's monthly benefit and to grant attorney's fees.

Plaintiff contends that, after the deduction of her Social Security Disability benefits, her monthly ERISA disability benefit is $533.94. Plaintiff bases her argument on her contention that basic income is "income earned prior to deductions."[3]

As reflected in the administrative record, "commissions, bonuses, overtime pay, and

---

[1]Doc. No. 33.

[2]Doc. No. 26.

[3]Doc. No. 29.

1

other extra compensation" are excluded from basic income.[4] Defendants' calculation of Plaintiff's benefits appears to be correct. Plaintiff's monthly benefit, after the deduction of her Social Security Disability benefits, is $120.72. Plaintiff's Motion for me to find her monthly benefit is $533.94 is DENIED.

## II. Overpayment

In Defendant's Statement of Facts in Support of Motion for Summary Judgment, Defendant pointed out that on October 8, 2008, it informed Plaintiff that she had been overpaid benefits in the amount of $20,508.80 because Plaintiff's ERISA benefits had not been offset by the amount of Social Security Disability benefits Plaintiff had been receiving. Plaintiff did not dispute that fact. The policy contains a provision that the "insured promises to repay . . . any overpayment cause by an award of . . ." Social Security Disability benefits.[5]

Defendant contends it now owes Plaintiff nothing, because the $20,508.80 Plaintiff was overpaid is greater than the $18,341.39 in past and future benefits to which Plaintiff is entitled.[6] I agree.

## III. Attorney's Fees

Plaintiff's Motion for Attorney's fees was filed about three months outside of the time period allowed by Rule 54(d) and Local Rule 54.1.[7] Further, I cannot find anywhere in Plaintiff's

---

[4]Administrative Record ("AR") at 155.

[5]AR at 163-65.

[6]Doc. No. 34.

[7]Motions for attorney's fees must be filed within 14 days after the judgment has been entered.

Motion[8] or Brief in Support[9] the amount of attorney's fees, or costs, that Plaintiff is requesting. Accordingly, Plaintiff's Motion for Attorney's fees is DENIED without prejudice.

If Plaintiff wants me to consider attorney's fees, she should file a renewed motion by 5:00 p.m., Friday, March 12, 2010. Plaintiff should include in her renewed motion the amount of fees or costs she is requesting, as well as a detailed description of how the fees or costs were incurred.

IT IS SO ORDERED this 9th day of March, 2010.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[8]Doc. No. 28.

[9]Doc. No. 29.